Filed 8/18/20  P. v. Cooper CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRAVIS COOPER,<br><br>    Defendant and Appellant. | B300934<br><br>(Los Angeles County<br>Super. Ct. No.<br>GA066001) |

THE COURT:

   In 2006, Draper Manning died after being wounded during a drive-by shooting.  (*People v. Cooper* (June 21, 2010, B213116) [nonpub. opn.], at p. 3, as modified (July 20, 2010) (*Cooper I*).)  Evidence of defendant and appellant Travis Cooper's involvement in the planning and aftermath of the shooting was adduced at his trial in 2008.  (*Id.* at pp. 3–11, 14–15.)

A jury found defendant guilty of first degree murder (Pen. Code, § 187, subd. (a)),[1] possession of a firearm by a felon (§ 12021, subd. (a)(1)), and conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a)). The jury also found that a principal intentionally discharged a firearm, proximately causing death (§ 12022.53, subds. (d) & (e)(1)) and that defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The trial court found that defendant had one prior serious felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that he served a prior prison term (§ 667.5, subd. (b)). Defendant was sentenced to an aggregate prison term of 75 years to life. (*Cooper I*, *supra*, B213116, at p. 2.)

In defendant's first appeal, we reversed his conviction for possession of a firearm by a felon, due to insufficient evidence, and stayed, pursuant to section 654, his sentence for conspiracy to commit murder. We otherwise affirmed the judgment. (*Cooper I*, *supra*, B213116, at pp. 15–16, 22, 27.)

On June 28, 2019, defendant filed a petition for writ of habeas corpus seeking resentencing pursuant to section 1170.95, as added by Senate Bill No. 1437 (2018 Reg. Sess.) (SB 1437), and for the trial court to strike the firearm and gang enhancements, in part based on Senate Bill No. 620 (2017-2018 Reg. Sess.) (SB 620). As an exhibit to the habeas petition, defendant attached a completed petition for resentencing pursuant to section 1170.95.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

The trial court deemed defendant's habeas petition to be a section 1170.95 resentencing petition, which it denied without prejudice on July 9, 2019. Having reviewed the record, the court concluded that defendant was not eligible for relief under section 1170.95 because the jury had not been instructed on either felony murder or the natural and probable consequences theory. The court also rejected defendant's remaining claims regarding the firearm and gang enhancements on the grounds that SB 620 only applies to sentences—unlike defendant's—that are not yet final and that the other arguments had been previously raised and rejected on direct appeal. Defendant timely appealed from the court's order.

Counsel was appointed to represent defendant in connection with this appeal. After reviewing the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which no arguable issues were raised. On February 4, 2020, we advised defendant that he had 30 days within which to personally submit any grounds of appeal, contentions, or argument for us to consider. Defendant filed a supplemental brief on March 2, 2020.

Having reviewed the entire record and considered the contentions in defendant's supplemental brief, we find no arguable basis for reversal.[2]

---

[2] Because this appeal is from an order denying postconviction relief rather than defendant's first appeal of right from a criminal conviction, defendant is not entitled to *Wende* review. (*People v. Cole* (Aug. 3, 2020, B304329) ___ Cal.App.5th ___ [2020 Cal.App.Lexis 717, at p. *23] (*Cole*); see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 501.) Nevertheless, because defendant has filed a supplemental brief, he is entitled to have us review the arguments he presents in that brief. (*Cole*, at p. *23.)

Defendant argues that he was convicted of murder based on a natural and probable consequences theory of liability, pointing to two jury instructions given at his trial—CALJIC Nos. 8.11 and 17.19.5.  We disagree.  Although CALJIC No. 8.11, "the standard instruction defining malice" (*People v. Jones* (2013) 57 Cal.4th 899, 966), includes the term "natural consequences" and CALJIC No. 17.19.5, the standard instruction regarding the firearm enhancement under section 12022.53, subdivision (d) (*People v. Palmer* (2005) 133 Cal.App.4th 1141, 1155), uses the term "natural and probable consequence[,]" neither of these instructions conveys the natural and probable consequences doctrine within the meaning of section 1170.95.[3]  (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1056 (*Soto*) ["Although the instructions related to implied malice and the natural and probable consequences doctrine of aiding and abetting include similar language regarding a 'natural consequence,' they are distinctly different concepts."])

We have also reviewed all other jury instructions given at defendant's trial and find that the jury was not instructed on either the natural and probable consequences doctrine or felony murder.  Accordingly, the jury could not have convicted defendant

---

We also grant defendant's request for judicial notice of the docket, the record, and our prior opinion in *Cooper I*, *supra*, B213116, which we have considered in conjunction with our review.

[3]    The natural and probable consequences doctrine provides that "an aider and abettor is guilty not only of the intended crime, but also 'for any other offense that was a "natural and probable consequence" of the crime aided and abetted.' [Citation.]"  (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117.)

4

on those bases.  (*Soto, supra,* 51 Cal.App.5th at p. 1055.)  Rather, the jury was instructed on the direct aiding and abetting theory of liability:  "A person aids and abets the commission or attempted commission of a crime when he or she:  [¶]  (1) With knowledge of the unlawful purpose of the perpetrator, and  [¶] (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and  [¶]  (3) By act or advice aids, promotes, encourages or instigates the commission of the crime."  (CALJIC No. 3.01.)  This remains a valid theory of first degree murder following SB 1437.  (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598.)

Furthermore, in addition to murder, defendant was "charged with conspiracy *to murder*, not conspiracy to commit a lesser crime that resulted in murder.  There is thus no possibility [he] w[as] found guilty of murder on a natural and probable consequences theory."  (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 645.)

Because section 1170.95 "applies only to qualifying defendants convicted of felony murder or murder under a natural and probable consequences theory" (*People v. Flores* (2020) 44 Cal.App.5th 985, 997), defendant is ineligible for resentencing under section 1170.95 as a matter of law.  (*Soto, supra,* 51 Cal.App.5th at p. 1059; see also *People v. Edwards* (2020) 48 Cal.App.5th 666, 673–674, review granted July 8, 2020, S262481 [trial court may properly rely on record of conviction, which

includes jury instructions, in determining whether a prima facie showing of section 1170.95 eligibility has been made].)[4]

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.

---

[4]     Although defendant's petition was labeled as one for writ of habeas corpus, it sought resentencing under section 1170.95, and we find no error in the trial court's application of section 1170.95 procedures.  We note that a split of authority exists whether a challenge based on *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 to a felony-murder special circumstance must be brought through a petition for habeas corpus or may instead be raised in a section 1170.95 petition. (Compare *People v. Galvan* (Aug. 4, 2020, B300323) ___ Cal.App.5th ___ [2020 Cal.App.Lexis 730, at p. *2] with *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179–1180, review granted June 24, 2020, S262011.)  Because defendant does not challenge a felony-murder special circumstance finding, we have no occasion to address this dispute.